**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  05-cv-00081-REB-PAC

PARISH OIL CO, INC., and
RAY MOORE TIRE & PETROLEUM SERVICE, INC.,

    Plaintiffs,

v.

DILLON COMPANIES, INC. d/b/a City Market,

    Defendant.

---

**ORDER DENYING DEFENDANT'S UNOPPOSED MOTION TO AMEND
ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[#128] TO INCLUDE § 1292(b) CERTIFICATION AND DENYING AS MOOT
PARTIES' JOINT MOTION FOR EXTENSION OF TIME**

---

**Blackburn, J.**

The matters before me are (1) defendant's **Unopposed Motion to Amend Order Denying Defendant's Motion For Summary Judgment [#128] to Include § 1292(b) Certification** [#132], filed September 18, 2006; and (2) the parties' **Joint Motion for Extension of Time** [#134], filed September 25, 2006.  I deny the motion to certify my summary judgment order for interlocutory appeal and deny the concomitant motion for extension of time to file trial materials as moot.

On September 13, 2006, I denied defendant's motion for summary judgment on the ground, *inter alia*, that §6-2-113, C.R.S., did not provide a safe harbor for below cost sales simply because they are bundled with the sale of other items, such as, in this particular instance, gasoline and groceries.  (*See* **Order Denying Defendant's Motion for Summary Judgment** [#128], filed September 13, 2006.)   Defendant now seeks an

interlocutory appeal of that question to the United States Court of Appeals for the Tenth Circuit, as provided by 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

The terms of the statute admit of four criteria that must be satisfied before an issue may be certified for pretrial appeal: (1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *In re Grand Jury Proceedings June 1991*, 767 F.Supp. 222, 223 (D. Colo. 1991). I have discretion in determining whether to certify an order for interlocutory appeal under the statute. *See Swint v. Chambers County Commission*, 514 U.S. 35, 47, 115 S.Ct. 1203, 1210, 131 L.Ed.2d 60 (1995); *Etienne v. Wolverine Tube, Inc.*, 15 F.Supp.2d 1060, 1062 (D. Kan. 1998).

Assuming *arguendo* that the first three criteria are satisfied here, defendant has not shown that granting an interlocutory appeal in this case will materially advance the ultimate termination of the litigation. Other than asserting the general proposition that reversal of my order would terminate the litigation, defendant has done nothing to quantify how the prosecution of an interlocutory appeal would substantially reduce the time and expense involved as compared to proceeding to trial. *Zygmuntowicz v.*

***Hospitality Investments, Inc***., 828 F.Supp. 346, 353 (E.D. Pa. 1993) ("Although the moving party is not required to demonstrate that an interlocutory appeal would certainly expedite the case, he should advance something more than mere conjecture that certification would substantially reduce time and expense."). Instead, it focuses primarily on the perceived benefits to putative future litigants, who might benefit from the guidance that the appellate court might provide. However laudable, such are not the goals sought to be advanced by section 1292(b) certification.

Moreover, certifying an interlocutory appeal in this instance would most likely delay ultimate resolution of this case. Discovery in this case is concluded. Trial is scheduled to commence in little more than a month. The trial is scheduled to take only five days and is the first and only matter on the my trial docket during that period of time. If I were to certify an appeal, it is unlikely that the circuit court would be able to resolve the matter as expeditiously as I could at this juncture. When granting an interlocutory appeal will delay, rather than expedite, the ultimate outcome of the trial, federal courts have routinely declined to exercise their discretion to permit interlocutory appeals. *See, e.g.*, ***United States v. Bear Marine Services***, 696 F.2d 1117, 1120 (5th Cir. 1983); ***Boomsma v. Star Transport, Inc.***, 202 F.Supp.2d 869, 880 (E.D. Wis. 2002); ***Kapossy v. McGraw-Hill, Inc.***, 942 F.Supp. 996, 1004 (D.N.J. 1996); ***Singh v. Daimler-Benz, AG***, 800 F.Supp. 260, 263 (E.D. Pa. 1992), *aff'd*, 9 F.3d 303 (3rd Cir. 1993); ***Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.***, 611 F.Supp. 281, 284-85 (S.D.N.Y.1985), ***aff'd in part, rev'd in part on other grounds***, 933 F.2d 131 (2nd Cir. 1991); ***Mazzella v. Stineman***, 472 F.Supp. 432, 435-36 (E.D.

Pa.1979); ***Edwards v. National Audubon Society, Inc***., 411 F.Supp. 744, 747 (S.D.N.Y. 1976); ***Gross v. McDonald***, 354 F.Supp. 378, 383 (E.D. Pa. 1973).  These decisions are squarely on point with the issues raised by the present motion, and I find them persuasive.

I therefore decline defendant's invitation, albeit uncontested by plaintiffs, to certify this matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  This determination moots the requested extension of the deadline to submit trial materials.

**THEREFORE, IT IS ORDERED** as follows:

1.  That defendant's **Unopposed Motion to Amend Order Denying Defendant's Motion For Summary Judgment [#128] to Include § 1292(b) Certification** [#132], filed September 18, 2006, is **DENIED**; and

2.  That the parties' **Joint Motion for Extension of Time** [#134], filed September 25, 2006, is **DENIED AS MOOT**.

Dated September 27, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**