**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-00081-REB-PAC

PARISH OIL CO., INC. And
RAY MOORE TIRE & PETROLEUM SERVICE, INC.,

    Plaintiffs,

v.

DILLON COMPANIES, INC.
d/b/a City Market,

    Defendant.

---

**ORDER DENYING JUDGMENT AS A MATTER OF LAW
UNDER FED.R.CIV.P. 50(a)**

---

**Blackburn, J**

This matter is before me on defendant's oral motion for judgment as a matter of law under Fed.R.Civ.P. 50(a). I deny the motion.

Rule 50(a)(1) provides:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without favorable finding on that issue.

A motion for judgment under Rule 50(a)(1) may be made at any time before the case is submitted to the jury. **FED.R.CIV.P.** 50(a)(2). A jury trial in this case commenced on October 30, 2006. Defendant's 50(a) motion was made after the close of the the

1

evidence on November 1, 2006.

Plaintiffs have the burden of establishing each essential element of their claims by a preponderance of the evidence.  Thus, on their claim for violation of the Colorado Unfair Practices Act, plaintiffs must establish each of the following essential elements:

> 1.  That defendant was engaged in business within the State of Colorado during the period from December 3, 2003, through January, 2005; and
>
> 2.  That at any time during the period from December 3, 2003, through January, 2005, defendant was engaged in a pattern of selling, offering for sale, or advertising for sale motor fuel below the cost thereof to defendant; and
>
> 3.  That such pattern of selling motor fuel below the cost thereof to defendant caused injury to one or more of defendant's competitors; and
>
> 4.  That such pattern of selling motor fuel below the cost thereof to defendant caused injury to plaintiffs.

In considering defendant's 50(a) motion, the court is required to consider all the evidence presented at trial, and must review the record "taken as a whole."  ***Reeves v. Sanderson Plumbing Products, Inc***., 530 U.S. 133, 150 (2000).  In conducting this review of the evidence "the court must draw all reasonable inferences in favor of the nonmoving party and it may not make credibility determinations or weigh the evidence."  ***Id.***  "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'"  ***Id.*** (quoting ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 250-251 (1986)).

> Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.  That is, the court should give credence to the evidence favoring the

> nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses."

*Id.* at 151 (quoting 9A C. WRIGHT & A. MILLER, *Federal Practice and Procedure*, § 2529 at 300 (2nd ed. 1995)). In sum, the "standard for granting summary judgment mirrors the standard for judgment as a matter law, such that 'the inquiry under each is the same.'" *Id.* at 150 (quoting **Anderson**, 477 U.S. at 250-251).

The court has considered all relevant evidence, both direct and circumstantial, and has applied the foregoing principles and standards of analysis to the existing evidentiary record, and finds and concludes as follows:

1. That none of the evidence is incredible as a matter of law;

2. That genuine issues of material fact exist as to one or more of the essential elements of plaintiffs' claims and defendant's affirmative defenses;

3. That there is a legally sufficient evidentiary basis for a reasonable jury to find in favor of plaintiffs on each essential element of their claims and against defendant on its affirmative defenses; and

4. That defendant is not entitled to judgment as a matter of law.

**THEREFORE, IT IS ORDERED** that defendant's oral motion for entry of judgment as a matter of law under Fed.R.Civ.P. 50(a)(1) is **DENIED**;

Dated November 3, 2006, at Denver, Colorado.

                                      **BY THE COURT:**

                                      **s/ Robert E. Blackburn**
                                      **Robert E. Blackburn**
                                      **United States District Judge**