**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  05-cv-00081-REB-PAC

PARISH OIL CO, INC., and
RAY MOORE TIRE & PETROLEUM SERVICE, INC.,

    Plaintiffs,

v.

DILLON COMPANIES, INC. d/b/a City Market,

    Defendant.

**ORDER DENYING DEFENDANT'S RULE 50(B) MOTION
FOR JUDGMENT AS A MATTER OF LAW AND ALTER**

**Blackburn, J.**

The matter before me is **Defendant's Rule 50(b) Motion For Judgment As a Matter of Law and Alternative For a New Trial Under Rule 59** [#175], filed November 13, 2006.  I deny the motion.

In this case plaintiffs alleged that defendant's "grocery discount program," whereby customers who purchased a qualifying minimum amount of groceries received discounts on the price per gallon of gasoline purchased at defendant's two stores in Montrose, Colorado, violated the Colorado Unfair Practices Act's prohibition on below cost sales of motor fuel.  A jury, which heard the case from October 30 through November 2, 2006, agreed, returning a verdict in favor of plaintiffs on November 3, 2006.  I denied defendant's oral motion for judgment as a matter law at that time.  Defendant now renews its motion for judgment as a matter of law as provided by Fed.R.Civ.P. 50(b).  Alternatively, it seeks a new trial pursuant to Rule 59.

A party seeking relief under Rule 50(b) is entitled to judgment as a matter of law if the evidence so overwhelmingly supports one position that no reasonable inferences may be drawn from the evidence to sustain the position of the non-movant. ***Tyler v. RE/MAX Mountain States, Inc.***, 232 F.3d 808, 812 (10th Cir. 2000). "[I]n reviewing the record, [the court] will not weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury." ***Hampton v. Dillard Department Stores Inc.***, 247 F.3d 1091, 1099 (10th Cir. 2001) (internal quotation marks omitted). Judgment as a matter of law must be denied if there is any legally sufficient evidentiary basis for a claim. ***Id***. I must consider the evidence and all inferences in favor of the nonmoving party. ***Id***.; ***see also Aquilino v. University of Kansas***, 268 F.3d 930, 933 (10th Cir. 2001). Judgment as a matter of law must be denied where there is a legally sufficient evidentiary basis for the non-movant's claim. ***Id.***

Having reviewed the motion, the response, and the reply, I find and conclude that defendant has not demonstrated that it is entitled to judgment as a matter of law. For the reasons stated on the record at the time of defendant's oral motion, as further amplified in my **Order Denying Judgment As a Matter of Law Under Fed.R.Civ.P. 50(a)** [#159], filed November 3, 2006, I find that the evidence presented at trial was not of such quality and weight as to establish irrefutably that reasonable people could not arrive at a contrary verdict. Accordingly, defendant's motion for judgment as a matter of law is denied.

As for defendant's motion for new trial under Rule 59, I have broad discretion in determining whether a new trial is warranted. ***McHargue v. Stokes Division of***

***Pennwalt Corp.***, 912 F.2d 394, 396 (10th Cir. 1990); ***Miller v. Heaven***, 922 F.Supp. 495, 499 (D. Kan. 1996).  A new trial under Rule 59(a)(2) is warranted only if there is a manifest error of law or fact or newly discovered evidence.  ***T. H. v. Kansas Unified School Dist. #501***, 1994 WL 191944 at *2 (D. Kan. Apr. 1, 1994); 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2804 at 37 (1973).  Moreover, the movant must demonstrate either that any error that occurred was prejudicial or otherwise show that substantial justice was not done.  ***See Stewart v. South Kansas and Oklahoma Railroad, Inc***., 36 F.Supp.2d 919, 920 (D. Kan. 1999); ***Johnson v. Colt Indus. Operating Corp.***, 609 F.Supp. 776, 779 (D. Kan. 1985), ***aff'd***, 797 F.2d 1530 (10th Cir. 1986).

I have considered carefully the authorities cited and the arguments advanced by defendant.  I find and conclude that they are insufficient to warrant the relief requested.  Defendant offers no new evidence in support of its motion, and it has not otherwise convinced me that manifest errors of law or fact occurred.  Rather, defendant merely reurges the same grounds it advanced in support of its motion for summary judgment and at trial.  Defendant's festooned reiteration of its earlier position does not show any prejudicial error affecting its substantial rights.  I, therefore, deny its motion for new trial, as well.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Rule 50(b) Motion For Judgment As a Matter of Law and Alternative For a New Trial Under Rule 59** [#175], filed November 13, 2006, is **DENIED**; and

2.  That defendant's **Unopposed Motion For a Stay of Execution Pending a Decision on Defendant's Rule 50(b) Motion** [#177], filed November 14, 2006, is **DENIED AS MOOT**.

Dated January 16, 2007, at Denver, Colorado.

        **BY THE COURT:**

        **s/ Robert E. Blackburn**
        **Robert E. Blackburn**
        **United States District Judge**