**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  05-cv-00081-REB-PAC

PARISH OIL CO, INC., and
RAY MOORE TIRE & PETROLEUM SERVICE, INC.,

    Plaintiffs,

v.

DILLON COMPANIES, INC. d/b/a City Market,

    Defendant.

## ORDER RE: RULE 62 MOTIONS

**Blackburn, J.**

    The matters before me are (1) **Defendant's Motion For a Stay Pending Appeal Pursuant To Rule 62** [#195], filed January 24, 2007; and (2) **Defendant's Unopposed Motion For a Stay of Enforcement of Judgment Upon Presentation of a Supersedeas Bond** [#196], filed January 24, 2007.  I grant the unopposed motion to stay enforcement of the monetary judgment, but deny the motion to stay enforcement of the permanent injunction.

    The factual and procedural background of this case is well known to the parties and has recounted by me at length in previous orders.  Suffice to say that on January 23, 2007, judgment was entered against defendant on the jury's verdict for actual and statutory damages as well as for permanent injunctive relief.  Defendant now requests that enforcement of the monetary judgment be stayed and offers to present a supersedeas bond, as required by Fed.R.Civ.P. 62(d), in the amount of $471,625.

Because plaintiffs do not oppose such relief or the proposed amount of the bond, I grant the motion and order defendant to post the required bond.

Defendant further requests a stay of enforcement of the injunction pending appeal. The standard for granting a stay is similar to that used in determining whether to grant a preliminary injunction. **Homans v. City of Albuquerque**, 264 F.3d 1240, 1243 (10th Cir. 2001). The movant must establish "'(a) the likelihood of success on appeal; (b) the threat of irreparable harm if the stay or injunction is not granted; (c) the absence of harm to opposing parties if the stay or injunction is granted; and (d) any risk of harm to the public interest.'" *Id*. (quoting **McClendon v. City of Albuquerque**, 100 F.3d 863, 868 n.1 (10th Cir.1996)). Defendant, however, has not shown a likelihood of success on the merits of its appeal. Instead, it has merely rehashed arguments that I have rejected several times now. Although I understand that defendant disagrees with my interpretation of the Unfair Practices Act, nothing in its latest iteration of its position convinces me that my prior legal rulings on the matter were in error.[1]

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion For a Stay Pending Appeal Pursuant To Rule 62** [#195], filed January 24, 2007, is **DENIED**;

2. That **Defendant's Unopposed Motion For a Stay of Enforcement of Judgment Upon Presentation of a Supersedeas Bond** [#196], filed January 24,

---

[1] Defendant does not argue that the three harm factors "tip decidedly in its favor," such that the probability of success factor is "somewhat relaxed," being satisfied if defendant "has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." **F.T.C. v. Mainstream Marketing Services, Inc.**, 345 F.3d 850, 852-53 (10th Cir. 2003) (citation and internal quotation marks omitted). Nevertheless, my conclusions would not be altered under this standard, as the harm factors do not weigh decidedly in defendant's favor.

2007, is **GRANTED**;

3.  That defendant **SHALL FILE** a supersedeas bond in the amount of $471,625.00;

4.  That, once defendant has presented the bond as required by this order, and once the court has approved the bond as contemplated by Fed.R.Civ.P. 62(d), execution of the court's judgment with respect to enforcement of the monetary award in favor of plaintiffs and against defendant will be **STAYED** pending resolution of defendant's appeal; and

5.  That the stay **SHALL TERMINATE** automatically when the United States Court of Appeals issues its mandate in this case, or when defendant dismisses its appeal.

Dated April 6, 2007, at Denver, Colorado.

          **BY THE COURT:**

          **s/ Robert E. Blackburn**
          **Robert E. Blackburn**
          **United States District Judge**